## HUMPHREY C. KNAPP *vs.* HENRY LAMBERT.

*It seems,* that under *St.* 1852, *c.* 312, § 82, an action, removed on affidavit from the court of common pleas to this court, may be entered at once in this court, if in session.

The clerk of this court is not obliged, by *St.* 1852, *c.* 312, § 82, to enter an action removed on affidavit from the court of common pleas, without payment of his entry fee.

An action removed on affidavit from the court of common pleas to this court, under *Sts.* 1840, *c.* 87, § 3, and 1852, *c.* 312, § 82, if not entered by either party at or before the next term of this court, cannot be allowed to be entered at a subsequent term.

SHAW, C. J. This action having been commenced by writ returnable to the court of common pleas, the defendant appeared

there at the first term, and took measures to remove the cause to this court, pursuant to *St.* 1840, *c.* 87, known as the jurisdiction act. The defendant did not enter the action, as it was his duty to do, at the next succeeding term, nor did the plaintiff enter it; and now the plaintiff moves to enter it at the present term being the term next ensuing that at which it should have been entered.

The statute provides that, if the defendant who thus removes the action does not enter it on the first day of the term, the other party may enter it. These provisions were slightly modified by the practice act, *St.* 1852, *c.* 312, § 82, which provides that, in case of such removal of an action, the same shall be immediately transferred to the clerk of this court, and shall be by him forthwith entered in this court, at the charge of the party removing the same.

One change supposed to be effected by this provision is, that if, at the time of the removal, this court is in session, it may be removed to and entered in that court; and the words "immediately transferred" and "forthwith entered" seem to favor that construction. But we are not aware that this question arises in the present case, because it does not appear that this court was in session when this action was removed.

The other supposed change, it has been urged, is, that it should be the duty of the clerk to enter the action, whether applied to by the party for that purpose or not. But the court have heretofore decided that it is not the duty of the clerk to enter the action without payment of the fee required by law therefor; and this decision we think correct. It could not have been intended that the service should be performed without payment, or on the credit of some unknown party, having no legal claim even on the attorney. But it may have this construction; that, on being paid his fees by any body, it shall be the duty of the clerk to enter the action; but the words are added, "at the charge of the party so removing the same," to indicate whose duty it is to advance the entry fee. Then the plaintiff, whose interest it usually is to speed his suit, may pay the fee and enter the action, with a right to charge the entry fee in the taxable costs, in case of recovery.

The present question therefore must depend on the original act of 1840. The object of that act manifestly was to give to either party, in a contested case of large amount, a right to have a trial originally in this court; but the plaintiff having his election of the forum in the first instance, the statute intended to give that right to the defendant, by a removal of the cause, should the plaintiff elect to bring his action in the court of common pleas. But it was obvious that, though made the duty of the defendant to enter the action in this court, yet it would often be for his interest not to do so, and, either through design or negligence, he would not do it. For this the statute provides a very plain and adequate remedy. The case presupposes that the plaintiff will be there, ready to prosecute his action; but if he finds, as he must if such is the fact, that it is not entered on the first day, he may enter it and proceed in the same manner as if he had brought his suit originally in this court.

The question now is, when neither party has entered the action at the term to which it was removed, whether it can be done by the plaintiff afterwards on motion to the court; and the court are of opinion that it cannot. When the term is wholly past, the process by which the parties were brought into court is exhausted. It is conceded that, by an actual discontinuance, bail would be discharged, attachments dissolved, and that they cannot be revived by a subsequent entry. In general, it would be about as easy to commence a new action, by writ returnable to this court, as to enter the old one on motion or petition, and notice to the adverse party. When appeals and other proceedings are allowed to be brought forward and entered after one or more terms have intervened, it is usually done by force of some statute; but no statute provision exists applicable to the present case. *Parker* v. *Jackson*, 5 Cush. 501. *Motion disallowed.*

*T* *Willey*, for the plaintiff.